(27 Misc. Rep. 253.)

PEOPLE ex rel. TOBIN v. KNAUBER et al.

(Supreme Court, Special Term, Onondaga County. March, 1899.)

1. CIVIL SERVICE LAWS—EXAMINATION FOR MERIT AND FITNESS.
   The act of civil service commissioners in doubling the rating for merit of a candidate for office, to obtain his rating for merit and fitness, does not comply with Const. art. 5, § 9, requiring the passing of an examination for merit and fitness.

2. SAME—CONSTITUTIONAL LAW.
   Laws 1897, c. 428, requiring candidates for certain offices to pass an examination for merit by the civil service board, and for fitness by the appointing official, is not repugnant to Const. art. 5, § 9, requiring the passing of an examination for merit and fitness; the words "merit" and "fitness" not being synonymous.

Action by the people, on the relation of Peter Tobin, against Jacob C. Knauber and others. Motion by the plaintiff for a peremptory mandamus commanding the defendants, constituting the civil service board of the city of Syracuse, to forthwith make and deliver to the common council of said city their certificate that the relator, Peter Tobin, has passed an examination for merit and fitness for the position of assistant custodian of the city hall, pursuant to the provisions of the civil service act, that he is an honorably discharged veteran of the late Civil War, that his rating for said position is the highest of any veteran on the eligible list, and that he is entitled to be appointed to said office. Denied.

William G. Tracy, for the motion.
James E. Newell, opposed.

WRIGHT, J. To render a candidate eligible for appointment for the office in question, the constitution and civil service laws require him to pass an examination for merit and fitness for that office. The civil service board examined the relator for merit only, and gave him a rate of 47.95 on the scale of 50. His rate was the highest of the candidates. The board afterwards, without examining the relator

for fitness for the office, doubled his rating for merit, and gave him that mathematical result of 95.90 as his rating for merit and fitness. This arbitrary procedure is unwarranted. People v. Common Council of Syracuse, 57 N. Y. Supp. 617, opinion by Mr. Justice Hiscock.

But the plaintiff urges that the terms "merit" and "fitness," as used in the constitution and civil service laws, are synonymous and interchangeable, and that chapter 428 of the Laws of 1897, commonly called the "Black Law," providing for an examination by the civil service board for merit, and for an examination by the appointing official for fitness, is unconstitutional; and that, therefore, since the relator has received the highest rating on the examination for merit, he is entitled to the appointment. Are these terms synonymous and interchangeable? "Merit" is defined by the American Encyclopedic Dictionary, so far as applicable, as follows: "(1) The quality of deserving, whether well or ill; desert of good or evil. (2) Excellence, deserving honor or reward; desert, worth; worthiness. (3) That which is deserved, earned, or merited; a reward, return, or recompense earned or merited; deserts." "Fitness" is defined by the American Encyclopedic Dictionary, so far as applicable, as follows: "(1) The quality or state of being fit, suitable, or adaptedness. (2) Serviceableness; use; utility." See, also, Webst. Dict., and Cent. Dict. "Merit," therefore, as it relates to the question under discussion, means the quality of deserving the office because of excellence and worth. This obviously comprises competency, intelligence, education, with special reference to an understanding and knowledge of the duties of the office. "Fitness" means the quality of being suitable and adapted to the performance of those duties. This in some cases obviously includes habits, industry, energy, ambition, tact, disposition, knowledge of human nature, discretion, shrewdness, suitable physical presence, etc.,—matters which require an examination of a very different character from that which may test the competency, excellency, and worth of a candidate. A man may be of great mental competency, moral excellence, and worth, and yet possess very little adaptation for the performance of the duties of the office, because lacking in one or more of the qualities mentioned above under the term "fitness." Therefore the terms are not synonymous and convertible. It would appear, however, that these terms are carelessly used in the civil service laws, although not as synonymous; but it appears from the affidavits of the commissioners that they differentiated them according to their ordinary signification, and limited their examination to merit, and did not extend it to the consideration of fitness.

In the views taken above, it is unnecessary to consider the question respecting the constitutionality of the Black law.

This motion is therefore denied on the ground that the civil service board has no legal eligible list of persons eligible for appointment to the office in question, and the relator has never been examined, and rated for merit and fitness for said position, as provided for by the constitution of the state of New York and the civil service laws.